UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 21-87 |
| JOSEPH WOODS | SECTION: "E" |

### ORDER AND REASONS

Before the Court is Defendant Joseph Woods's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] The Court ordered the Government to file a response.[2] The Government subsequently filed an opposition to the motion.[3]

### BACKGROUND

On June 16, 2022, Defendant pleaded guilty to a three count indictment charging him with (1) possession with intent to distribute cocaine-base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2).[4] On November 7, 2022, the Court sentenced Defendant to a term of imprisonment of 262 months and three years of supervised release.[5]

Defendant filed the instant motion on April 23, 2025, seeking (1) an evidentiary hearing; (2) appointment of counsel; and (3) that count three of the indictment "be called into question" and "dismissed with prejudice for violating the 2nd Amendment of the

---

[1] R. Doc. 147.
[2] R. Doc. 148.
[3] R. Doc. 149.
[4] R. Doc. 60.
[5] R. Doc. 102; R. Doc. 103.

1

United States Constitution.[6] Defendant is "only challenging" count three.[7] The Government argues the Court should deny Defendant's motion because (1) his "request for relief is not cognizable under" § 2255; (2) it is untimely; (3) it is procedurally defaulted; and (4) it is meritless.[8]

## LEGAL STANDARD

Pursuant to § 2255, a federal prisoner in custody may move the sentencing court to vacate, set aside, or correct the sentence on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States."[9] "Section 2255 provides the primary means of collateral attack on a federal sentence [and r]elief under this section is warranted for any error that 'occurred at or prior to sentence.'"[10] Section 2255(f) provides that a one year statute of limitation applies to § 2255 motions. "The limitation period shall run from the latest of—

    (1)    the date on which the judgment of conviction became final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was presented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due

---

[6] R. Doc. 147 at pp. 1, 10. Although Plaintiff's final request for relief on page 10 of his Motion asks that the Court dismiss count one of the indictment, the Court presumes the Defendant intended to ask the Court to dismiss count three of the indictment. *Id.* at p. 10; R. doc. 1. This is because Defendant states he is "only challenging Count—3" and only discusses Count Three in his Motion. R. Doc. 147.
[7] R. Doc. 147 at p. 1.
[8] R. Doc. 149.
[9] § 2255(a).
[10] *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)).

diligence."[11]

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted.[12] An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[13]

## LAW AND ANALYSIS

The Court first assesses whether Defendant timely filed his motion to vacate within the one-year statute of limitations period. Under § 2255(f)(1), "the limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final." Defendant filed his motion on April 23, 2025.[14] A conviction is final upon expiration of the 14-day period for filing a direct appeal pursuant to Rule of Appellate Procedure 4(b).[15] Defendant was sentenced on November 7, 2022, and his conviction became final fourteen days later on November 21, 2022 when he failed to file an appeal.[16] Absent any tolling of the limitation period, Defendant filed his motion over one year from the date his conviction became final, rendering the motion untimely under that provision.[17]

The Court next assesses whether the limitation period has been tolled by another provision of § 2255(f). The § 2255 limitation period may be tolled when "(1) government action impeded the prisoner from filing his or her motion; (2) the prisoner asserts a

---

[11] § 2255(f).
[12] RULES GOVERNING SECTION 2255 PROCEEDINGS, Rule 8.
[13] § 2255(b).
[14] R. Doc. 147.
[15] *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that if a defendant does not file a direct appeal of their conviction, the judgment becomes final when the time to file an appeal expires); FED. R. APP. P. 4(b) (allowing fourteen days from the entry of judgment for a criminal defendant to file a notice of appeal).
[16] R. Doc. 102.
[17] *Id.*

3

constitutional right *newly recognized* by the Supreme Court and declared retroactive; (3) the factual predicate of the prisoner's claim could not have been discovered using due diligence; or (4) the petitioner is entitled to equitable tolling."[18]

Although Defendant filed his motion over a year after his conviction became final, Defendant argues his motion is timely due to a "[n]ew rule of law."[19] The Court assumes Defendant is referring to the United States Supreme Court's ruling in *New York State Rifle & Pistol Association v. Bruen* based on his reliance on this opinion.[20] In his motion, Defendant asserts two grounds for relief.[21] First, Defendant argues that the Government's prosecution of Defendant "violates [Defendant]'s 2nd Amendment right" and that the Government lacks subject matter jurisdiction over the Defendant.[22] Second, Defendant "contends that his guilty plea-was not knowingly and intelligent because he was misinformed . . . as to the nature of the" felon in possession of a firearm charge.[23] Defendant argues this charge "is outside of the permissible reach of" § 922(g) and "violates the 'plain text' of the 2nd Amendment."[24] Defendant claims "Actual Innocence" and "Miscarriage of Justice" based on "newly obtained evidence."[25] Defendant does not explain what newly obtained evidence he references.[26] Defendant bases his arguments on the Supreme Court's ruling in *Bruen*.[27] The Court construes Defendant's arguments under § 2255(f)(3) & (4) to be that the *Bruen* decision created a "newly recognized" rule of constitutional law that applies retroactively and that the factual predicate for Defendant's

---

[18] *United States v. Arana*, No. 20-110, 2024 WL 2746802, at *3 (E.D. La. May 29, 2024) (emphasis added).
[19] R. Doc. 147 at p. 9.
[20] R. Doc. 147; 597 U.S. 1 (2022).
[21] R. Doc. 147.
[22] *Id.* at p. 4.
[23] *Id.* at p. 5.
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *See id.* at pp. 4-5; 597 U.S. 1.

4

claim could not have been timely discovered through due diligence.[28]

## I. At the time of Defendant's sentencing, *Bruen* had already been decided.

Under § 2255(f)(3), a movant has "one year from 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'"[29] "Section 2255(f)(3) applies only if the right has been (1) 'newly recognized' by the Supreme Court *and* (2) made retroactively applicable to cases on collateral review."[30] A Court must analyze whether "a case announces a 'new rule' that may be asserted retroactively on collateral review."[31] "'[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government.'"[32]

The Court finds Defendant's arguments unpersuasive. First, *Bruen* was decided on June 23, 2022.[33] Defendant was not sentenced until November 7, 2022.[34] In *Dodd v. United States*, the Supreme Court interpreted the limitation period under § 2255(f)(3) and held that "if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion."[35] *Bruen* was decided prior to Defendant's sentencing, and, as a result, it was applicable at the time his conviction was made final. *Bruen* did not

---

[28] *See* § 2255(f)(3) & (4); *see, e.g.*, *Kraut v. United States*, No. 18-462, 2024 WL 4544122, at *2 (N.D. Tex. Oct. 22, 2024) ("To overcome the limitations period, Movant appears to rely on § 2255(f)(3). He cites *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S.Ct. 2111, 213 L.Ed.2d 387 (2022), and *United States v. Rahimi*, [602] U.S. [680], 144 S. Ct. 1889, 1897-98, 219 L.Ed.2d 351 (2024). Ostensibly, he asserts that the Supreme Court decisions created a new rule of constitutional law that applies retroactively for purposes of § 2255(f)(3).") (internal citations omitted).
[29] *Dodd v. United States*, 545 U.S. 353, 357 (2005) (quoting § 2253(f)(3)).
[30] *Id.* at 358.
[31] *United States v. London*, 937 F.3d 502, 506 (5th Cir. 2019).
[32] *Id.* at 507 (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)).
[33] 597 U.S. at 1.
[34] R. Doc. 102.
[35] *Dodd v. United States*, 545 U.S. 353, 357 (2005).

promulgate a "new rule" *after* the date of Defendant's sentencing. Furthermore, the Supreme Court has explained that the provision "identifies one date and one date only as the date from which the 1–year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court.'"[36] One year from the date of the *Bruen* decision was June 23, 2023, and Defendant filed his motion on April 23, 2025.[37] The Court finds § 2255(f)(3) also is inapplicable to Defendant's case on this basis.

II. ***Bruen* does not create a "newly recognized right" under the Second Amendment to attack Defendant's sentence. Fifth Circuit courts have further recognized that *Bruen* does not apply retroactively on collateral review.**

Even if the *Bruen* decision did somehow establish a "newly recognized" right after the date of Defendant's sentencing, the Court need not determine the constitutionality of § 922(g)(1) post-*Bruen* "because Defendant has failed to establish that *Bruen* applies retroactively to a criminal case on collateral review" as required by § 2255(f)(3).[38] "The holdings in . . . *Bruen* did not announce a new rule that may be asserted retroactively on collateral review."[39] Assuming *arguendo* that the Court were to address the constitutionality of § 922(g)(1) post-*Bruen*, several courts within the Fifth Circuit have determined that the *Bruen* decision does not set forth a "new rule" as to § 922(g)(1) and is consistent with Fifth Circuit precedent, which recognizes § 922(g)(1) as constitutional based on the text and history of the Second Amendment.[40] The Supreme Court in *Bruen*

---

[36] *Id.* at 358.
[37] R. Doc. 147.
[38] *Arana*, 2024 WL 2746802, at *4.
[39] *Kraut*, 2024 WL 4544122 at *3; *Contreras-Orosco v. United States*, No. 17-00258, 2024 WL 4341551, at *2 (N.D. Tex. Sept. 27, 2024).
[40] *United States v. Thompson*, 670 F. Supp. 3d 381, 385-86 (E.D. La. 2023); *United States v. Clay*, 2023 WL 3059155, at *2 (S.D. Tex. Apr. 23, 2023) ("[T]he Fifth Circuit has previously held that restrictions prohibiting convicted felons from possessing firearms do not violate the Second Amendment. Nothing in *Bruen* changed those holdings, which remain binding."); *Kraut*, 2024 WL 4544122, at *2-3; *United States v. Grinage*, 2022 WL 17420390, at *3 (W.D. Tex. Dec. 5, 2022) ("Nothing in the *Bruen* decision calls into question the precedential effect of Fifth Circuit decisions finding § 922(g)(1) constitutional based on the Second Amendment's text and history.").

held that

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."[41]

The Court further held that the Second Amendment protects the rights of "ordinary, law-abiding citizen[s]," not the rights of felons.[42] Recently, in *United States v. Diaz*, the Fifth Circuit agreed and rejected facial and as-applied challenges to § 922(g)(1), holding that § 922(g)(1) is "consistent with this Nation's historical tradition of firearm regulation."[43]

As a result, Defendant's motion is untimely under § 2255(f), which provides for a one-year period of limitation from the date on which the judgment of conviction became final.[44] "[L]ater filings [from that date] are permitted where subparagraphs (2)-(4) [of § 2255] apply."[45] Defendant's § 2255(f)(3) arguments are without merit because the Supreme Court decided *Bruen* prior to the date of Defendant's sentencing.[46] *Bruen* could not have established a "newly recognized" right after the date of his sentencing. Even if *Bruen* somehow was newly applicable to Defendant's case, the Supreme Court in *Bruen* did not hold that the case either established a newly recognized right or made that right retroactively applicable on collateral review.[47] The Fifth Circuit has determined the same.[48]

---

[41] *Bruen*, 597 U.S. at 24 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961)).
[42] *Id.* at 9.
[43] 116 F.4th 458, 472 (5th Cir. 2024) (citing *Bruen*, 597 U.S. at 17); *see also Contreras-Orosco*, 2024 WL 4341551, at *2.
[44] § 2255(f)(1).
[45] *Dodd v. United States*, 545 U.S. 353, 357 (2005).
[46] *Bruen*, 597 U.S. at 1.
[47] *Id.* at 26 ("The test that we set forth in *Heller* and apply today requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding.").
[48] *Diaz*, 116 F.4th at 472 (holding that 18 U.S.C. § 922(g)(1) is "consistent with this Nation's historical tradition of firearm regulation" and is constitutional) (citing *Bruen*, 597 U.S. at 17). The Court notes that district courts are "not free to overturn" Fifth Circuit precedent either before or after the *Bruen* decision.

### III. Defendant does not point to any newly discovered evidence and the Supreme Court's ruling in *Bruen* does not constitute newly discovered evidence.

Under § 2255(f)(4), a movant has one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" to file a timely file § 2255 motion. Defendant argues he has "new and reliable" evidence "that has never been considered and that is newly obtained."[49] The Court construes this as an argument that Defendant's motion is timely under § 2255(f)(4). Defendant does not point to any newly discovered evidence in his motion.[50] To the extent that Defendant argues *Bruen* is new evidence, "courts have routinely held that a legal decision is not a new fact for purposes of § 2255(f)(4)."[51] Accordingly, Defendant's Motion is not timely under § 2255(f)(4) because (1) Defendant does not make any allegations regarding newly discovered evidence and (2) *Bruen* cannot serve as new evidence.[52]

### IV. Defendant is not otherwise entitled to equitable tolling.

*Bruen* was decided prior to the Defendant's sentencing and it did not create a "newly recognized" right applicable to Defendant's case. Nor did the Supreme Court announce a rule of retroactivity in *Bruen* such that it could form the basis of a § 2255(f)(3) motion.[53] Even if it did, Defendant has not carried his burden of establishing he is otherwise entitled to equitable tolling. "As a discretionary doctrine that turns on the facts

---

*See Thompson*, 670 F. Supp. 3d at 386 (citing *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021)).
[49] R. Doc. 147 at p. 5.
[50] R. Doc. 147.
[51] *Kinney v. United States*, No. 07-60, 2012 WL 3921043, at *3 (E.D. Tex. July 3, 2012), *R. & R. adopted*, 2012 WL 3891593 (E.D. Tex. Sept. 7, 2012).
[52] *Id.*; *United States v. Surtain*, No. 09-123, 2023 WL 5153719, at *2 (E.D. La. Aug. 9, 2023) ("Despite [Defendant]'s invocation of §§ 2255(f)(2), 2255(f)(3), and 2255(f)(4), no allegations support the application of those provisions. Therefore, [Defendant]'s § 2255 motion is untimely, and . . . he is not entitled to equitable tolling.").
[53] *See, e.g.*, *Davis v. United States*, No. 23-2104, 2024 WL 2854268, at *2 (N.D. Tex. June 5, 2024).

8

and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules."[54] A movant under § 2255 is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."[55] This standard requires "reasonable diligence, not maximum feasible diligence."[56] "Equitable tolling is permissible only in rare and exceptional circumstances," and is not extended "to instances of excusable neglect."[57] "[T]he decision to invoke equitable tolling is left to the discretion of the district court."[58]

Defendant does not argue that equitable tolling applies nor does the Court find that this case presents a "rare" or "exceptional" circumstance that permits the application of equitable tolling.[59] Defendant's "claims of actual innocence are [not] relevant to the timeliness of the petition."[60] Equitable tolling does not apply.

As a result, the Court finds Defendant's § 2255 motion is untimely.

### V.     Defendant is not entitled to appointment of counsel.

Defendant requests appointment of counsel.[61] "Whether to appoint counsel to represent a defendant in a § 2255 proceeding is committed to the sound discretion of the district court."[62] Defendant has "no vested right under the Sixth Amendment to the Constitution of the United States to appointed counsel in this proceeding."[63] The "court

---

[54] *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).
[55] *United States v. Jackson*, 470 Fed. App'x. 324, 329 (5th Cir. 2012) (citations and quotations omitted).
[56] *Id.* (citations and quotations omitted).
[57] *Id.* (citations and quotations omitted).
[58] *Id.* (citations and quotations omitted).
[59] *See, e.g.*, *Contreras-Orosco v. United States*, No. 17-00258, 2024 WL 4341551, at *2-3 (N.D. Tex. Sept. 27, 2024) (rejecting movant's arguments for equitable tolling after previously rejecting his arguments that *Bruen* created a newly established right under § 2255(f)(3)).
[60] *United States v. Riggs*, 314 F.3d 796, 800 (5th Cir. 2002) (quoting *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)).
[61] R. Doc. 147 at p. 10.
[62] *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994) (per curiam) (citing *Ford v. United States*, 363 F.2d 437 (5th Cir. 1966) (per curiam)).
[63] *Ford*, 363 F.2d at 437-38 (collecting cases).

has discretion to appoint counsel to a 'financially eligible person' seeking relief under 28 U.S.C. § 2255 when 'the interests of justice so require.'"[64] In this case, the interests of justice do not warrant appointment of counsel. Defendant's motion is untimely. Defendant makes no arguments on why appointment of counsel is appropriate.

## VI. The Court will not hold an evidentiary hearing.

Defendant requests that the Court hold an evidentiary hearing on his motion.[65] The Court denies Defendant's request for an evidentiary hearing because the motion and the files and records of the case conclusively show Defendant is entitled to no relief under § 2255.[66]

## CONCLUSION

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED.**[67]

**New Orleans, Louisiana, this 1st day of July, 2025.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[64] *United States v. Jackson*, No. 21-96, 2023 WL 6216610, at *1 (E.D. La. Sept. 25, 2023) (citing 18 U.S.C. § 3006A(a)(2)).
[65] R. Doc. 147 at p. 10.
[66] § 2255(b).
[67] R. Doc. 147.